# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE JAMES BOOKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-312-DRH |
| | ) |
| **CRAIG S. MITCHELL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive and monetary relief for alleged violations of his rights to due process of law, equal protection of the law, and to be free from cruel and unusual punishment. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

Plaintiff alleges that on or about May 7, 2008, while confined at the Menard Correctional Center, he was issued a disciplinary report by Linda J. Goforth "for insolence, giving false information, dangerous communications, and intimidation/threats."  On May 9, 2008, Plaintiff appeared before an Adjustment Committee comprised of Defendants Mitchell and Johnson for a hearing on the disciplinary report.  The Adjustment Committee found Plaintiff not guilty of intimidation/threats and dangerous communications.  Based on the disciplinary report written by Goforth, however, the Adjustment Committee found Plaintiff guilty of giving false information and insolence.  The Adjustment Committee recommended and, later, defendant Hulick approved, the following disciplinary sanctions: 2 months confinement in segregation; 2 months confinement on "C-grade" status; and 2 months commissary restriction.

Plaintiff filed a grievance regarding this disciplinary action asserting that it was not supported by sufficient evidence. Specifically, Plaintiff contended that the disciplinary report written by Goforth was "hearsay" and no evidence was presented to the Adjustment Committee that Goforth had written it. Plaintiff asserts that his grievance was denied by Defendant Suhre. Defendant Hulick concurred with the denial of the grievance. It appears that Plaintiff then appealed to the Director of the Department of Corrections (Defendant Walker) and to Defendant Miller, but that the decision of Suhre and Hulick denying the grievance was affirmed.

**DISCUSSION**

When, as here, a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). In the usual case, an inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than non-disciplinary segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).[1] After *Sandin* "the right to litigate

---

[1] If the inmate is already housed at the most restrictive prison in the state, determining the baseline for measuring what constitutes "atypical and significant hardship" is more difficult. *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (noting difficulty in establishing a baseline from which to measure what is atypical and significant in any particular prison; but finding harsh conditions at Ohio's "supermax" prison to impose atypical and significant hardship under any

disciplinary confinements has become vanishingly small" for inmates confined in the typical Illinois prison. *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to segregation for 2 months; he was placed on "C-grade" status for 2 months; and he had his commissary privileges restricted for 2 months. Nothing in the complaint or exhibits suggests that the conditions that Plaintiff had to endure while in segregation or on "C-grade" were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

Plaintiff's cruel and unusual punishment claim is also without merit. Only deprivations of basic human needs like food, medical care, sanitation, and physical safety can support an Eighth Amendment claim. *Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to state an Eighth Amendment conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement

---

plausible baseline). In Illinois, the most restrictive prison is currently Tamms Correctional Center and the harsh conditions there may constitute "atypical and significant hardship" so as to create a liberty interest. *See Westefer v. Snyder*, 422 F.3d 570, 588-90 (7th Cir. 2005). The Court need not address the matter in this case because Petitioner is not confined at Tamms.

exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987). The instant complaint fails to assert facts indicating that Plaintiff was denied basic human needs or the minimal civilized measure of life's necessities while confined in segregation or "C-grade."

Plaintiff's equal protection claim must be dismissed pursuant to 28 U.S.C. § 1915A. A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987); *citing Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982). Again, Plaintiff has alleged no facts indicating that he was discriminated against at all in comparison to other inmates, much less discriminated on the basis of his race or gender.

Finally, the Court notes that Plaintiff's complaint alleges that prison officials frequently failed to comply with various state statutes and regulations with respect to his disciplinary action. The mere failure of prison officials to follow state law, however, does not give rise to a constitutional claim under 42 U.S.C. § 1983. *Vruno v. Schwarzwalder*, 600 F.2d 124, 130-31 (8th Cir. 1979).

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions

are **DENIED** as moot.

**DATED:** November 5, 2010.

David R. Herndon
2010.11.05
16:25:23 -05'00'

**DISTRICT JUDGE**