## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIE JAMES BOOKER,**

**Plaintiff,**

**v.**

**CRAIG S. MITCHELL, et al.,**

**Defendants.**                                                    **No. 10-312-DRH**

## <u>ORDER</u>

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff Willie Booker's motion for leave to appeal *in forma pauperis* (Doc. 15), motion to appoint counsel (Doc. 10) and motion for certificate of appealability (Doc. 9).

Plaintiff first requests that he proceed *in forma pauperis* on appeal. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." **28 U.S.C. § 1915(a)(3)**. A plaintiff is "acting in bad faith in the more common legal meaning of the term...[when he sues]...on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." ***Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)**. Further, "an appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." ***Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000)**. ***See also Lee*, 209 F.3d at 1026, *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma**

**pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.")**.

This action was dismissed as legally frivolous under 28 U.S.C. § 1915A, and nothing in the notice of appeal (Doc. 8) convinces the Court that this decision was incorrect.  Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith; accordingly, the motion for leave to proceed *in forma pauperis* on appeal is **DENIED.**  Plaintiff shall tender the appellate filing and docketing fee of $455 to the Clerk of the Court in this District, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

Turning to Plaintiff's motion to appoint counsel (Doc. 10), there is no matter currently pending before this Court warranting the appointment of counsel. If Plaintiff would like to have counsel assist him with his appeal, then Plaintiff should request appointment of counsel from the Seventh Circuit Court of Appeals, not this Court.   Accordingly, Plaintiff's motion for appointment of counsel (Doc. 10) is **DENIED**.

As to Plaintiff's motion for certificate of appealability (Doc. 9), the Court notes that a certificate of appealability is not necessary.  **Title 28 U.S.C. § 2253(c)** provides in pertinent part:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

**28 U.S.C. §2253(c)(1).**

Plaintiff's civil rights action is neither a proceeding under §2255 or a habeas proceeding in which the detention arises out of a process issued by a State court.  Therefore, no certificate of appealability is necessary to perfect his appeal.

**FED.R.APP.P. 22(b); 28 U.S.C. § 2253(c).**  Accordingly, Plaintiff's motion for certificate of appealability (Doc. 9) is **DENIED as moot**.

**IT IS SO ORDERED.**
**Signed this 21st day of December, 2010**

David R. Herndon
2010.12.21
14:50:32 -06'00'

**Chief Judge**
**United States District Court**